FRANCIS S. APPLEBY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73089. Promulgated November 7, 1934.

*William H. White, Jr., Esq.*, for the petitioner.
*Thomas M. Mather, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined a deficiency of $1,874.24 in petitioner's individual income tax for 1930. The petitioner assails the respondent's disallowance of deductions taken by him upon his return as losses sustained upon three sales of corporate shares.

On December 30, 1930, petitioner directed a broker to sell for him 100 shares of American Smelting & Refining Co., 100 shares of United Corporation, and 100 shares of General Electric Corporation, and the orders were immediately fulfilled. Petitioner owned the shares and held them in a safe-deposit box, having previously bought them for $7,330, $3,265, and $8,020, respectively. The broker sold them on December 30, 1930, for $3,943.50, $1,546, and $4,268.50, respectively, and in the usual and customary course he would have received the certificates from the petitioner the next day. But petitioner left town for a holiday and inadvertently omitted to make the customary delivery before he left. He did not return until January 5, 1931. The following day, January 6, he delivered the certificates. Meanwhile, the broker had sent him the usual note of sale on December 30, and on the monthly statement of account of January 1 the sale was indicated as well as the nonreceipt of the shares. Petitioner's accounts were kept on the cash basis.

At the time of the determination of the deficiency, the Commissioner thought that the sale was technically a short sale, from which no loss would be derived until there was a covering purchase, cf. *Robert W. Bingham*, 27 B. T. A. 186. However, at the trial it was made clear that the sale was not a short sale, and this is now agreed on both sides. The respondent argues now that since no delivery was made by the petitioner to the broker, and since under New York law (Personal Property Law, sec. 162), title was therefore not transferred, there was no completed sale in 1930, and hence that no loss was sustained in that year.

The year of deductibility of a loss is determinable by a practical test, *Lucas* v. *American Code Co.*, 280 U. S. 445. In our opinion,

the present circumstances meet the test. The failure of delivery was not enough to affect the certainty of loss, *Denman v. Brumback*, 58 Fed. (2d) 128; *Hoffman v. Commissioner*, 71 Fed. (2d) 929; *John C. Shaffer*, 28 B. T. A. 1294.

While *Charles H. Oshei*, 31 B. T. A. 23, is similar in that there was an order to sell executed by the broker in 1929 and delivery in 1930, it is distinguishable by more important features which required the decision that the loss was not sustained until the later year. If, as was intimated, the sale was a short sale, the loss was not sustained until the covering purchase of the following year and the case need not be distinguished further. But leaving aside its aspect as a short sale, it is still distinguishable because both practically and legally the seller was not in position to make delivery except after satisfying the pledgee with whom he carried his margin account. In other words, Oshei's failure to deliver was a substantial fact imbedded in circumstances so important that the transaction was not, and, so far as the record showed, could not be, completed until the later year. In the present case, however, the petitioner's failure to deliver was a mere inadvertence, for he was at all times in position to make a complete transfer and in all substantial respects the transfer was, as to all concerned, effective in the earlier year.

The loss was deductible and the Commissioner's determination is reversed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

SEAWELL and ADAMS dissent.